| **Mann v DeLaCruz** |
|:---:|
| 2025 NY Slip Op 31789(U) |
| May 15, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 529920/2022 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 15th day of May 2025.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

AMAN MANN,

                                    Plaintiff(s),

            -against-

CHRISTOPHER DELACRUZ, 5 BORO GREEN SERVICES,
LLC, ALAN GOLDMAN, SALEM TRUCK LEASING, INC.
and SALEM TRUCKING CO., INC.,

                                    Defendant(s).

**DECISION & ORDER**
Index No.:    529920/2022

Calendar No.: 28

Motion Seq.:  005

*Recitation of the following papers as required by CPLR 2219(a):*

|  | **Papers Numbered** |
|---|---|
| Notice of Motion, Affirmation, Affidavits and Exhibits (NYSCEF 103-105) | 1, 2 |
| Affirmation and Exhibits in Opposition (NYSCEF 107-114) | 3 |
| Reply Affirmation and Exhibits (NYSCEF 115-118) | 4 |

*Upon the foregoing papers and after oral argument, the decision and order of the Court is as follows:*

This is an action for personal injuries arising out of an automobile accident on 10/2/2021 on North Broadway, at or near its intersection with North Marginal Road, Jericho, New York.

Plaintiff filed the note of issue on 12/10/24. Defendants, DeLaCruz, 5 Boro Green Services and Goldman (collectively "5 Boro"), filed a motion to strike the note of issue on 12/13/24 and extend their time to file a motion for summary judgment returnable in the Central [Discovery] Compliance Part. The branch of the motion seeking to strike the note of issue was denied as plaintiff provided the outstanding discovery. The branch of the motion seeking to

1 of 4

extend defendants' time to move for summary judgment under *Brill v City of New York,* 2 NY3d 648 [2004] was denied with leave to renew before the IAS Judge (NYSCEF 101).

The Salem Truck defendants filed a motion for summary judgment on the issue of "serious injury" under Article 51 of the Insurance Law on 1/31/25 (MS#4). 5 Boro also filed a motion for summary judgment on this issue on 2/21/25 (MS#5). However, the notice of motion did not include a request to extend their time to move for summary judgment. On 3/3/25, plaintiff e-filed a stipulation signed by all parties discontinuing this action as against the Salem Truck defendants only. The stipulation also withdrew Salem's motion for summary judgment. (*see* NYSCEF 100). The stipulation did not discontinue all defendants' cross-claims.

In opposition to 5 Boro's motion, plaintiff argues that the motion is untimely because it was filed 13 days beyond the 60-day deadline to do so. Now that Salem's motion has been withdrawn, no previously [timely] filed motion is pending before this Court. Moreover, since 5 Boro relied on the exhibits annexed to Salem's withdrawn motion, there is no evidence in the record to support 5 Boro's motion. Accordingly, 5 Boro cannot meet their *prima facie* burden for an award of summary judgment. However, if the Court considers this untimely motion, plaintiff has established in opposition to the motion that she has sustained a serious injury as defined by the Insurance Law.

The Court may consider a cross-motion for summary judgment served after the time fixed by the Court when a timely motion for summary judgment was made on nearly identical grounds (*see Whitehead v. City of New York,* 79 A.D.3d 858, 860 [2d Dept. 2010]). Under such circumstances, "the nearly identical nature of the grounds may provide the requisite good cause to review the merits of the untimely cross motion" (*see Wernicki v. Knipper,* 119 AD3d 775, 777 [2d Dept. 2014], *citing* CPLR 3212[a]). The Court may also determine a cross-motion for

[* 2]

summary judgment even though the original motion is withdrawn (*see generally, National Enterprises Inc. v Certilman*, 234 AD2d 527 [2d Dept. 1996]). The case law cited by plaintiff following the Court of Appeals' decision in *Brill* does not stand for the proposition that if a timely motion for summary judgment is withdrawn, the untimely cross-motion is moot. Here, defendant did not serve a cross-motion but rather an independent motion citing to evidence docketed in NYSCEF in connection with a timely motion for summary judgment.

Here, the defendants have met their *prima facie* burden of showing that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 [d] through the affirmed report of Jeffrey Passick, M.D. (*Gonzalez v Cohn*, 224 D3d 667, 667-668 [2d Dept. 2024]). The report demonstrated that plaintiff's lumbar and left knee injuries were resolved, and plaintiff recovered from a right knee arthroscopy without any limitations. Therefore, plaintiff did not sustain either a permanent consequential limitation of use or significant limitations of use of the affected body parts (*id.*). In opposition to the motion, plaintiff submitted a sworn medical report that predated defendants' report by seven (7) months. Therefore, plaintiff failed to raise a triable issue of fact to rebut the objective findings by defendants' doctor (*id.*). Therefore, defendants' motion for summary judgment is granted.

5 Boro's motion for summary judgment regarding Salem's cross-claims is also granted. Before this action was discontinued against the Salem defendants, they did not oppose 5 Boro's motion for summary judgment.

The Court has considered the plaintiff's remaining arguments and finds them to be without merit.

[*3]

Accordingly, it is hereby

ORDERED that the motion for summary judgment by defendants DeLaCruz, 5 Boro

Green Services and Goldman is granted and this action, together with all cross-claims, is

dismissed.

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Anne J. Swern, J.S.C.
Dated: 5/15/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____